IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES THOMAS PAYNE,

  Plaintiff,

vs.               CIVIL ACTION NO.: CV505-038

CORNELL CORPORATIONS, INC,
d/b/a D. Ray James Prison; Correctional
Officer LAWSON, and Correctional
Officer HART,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Idaho Correctional Center in Boise, Idaho, has filed a lawsuit pursuant to 42 U.S.C. § 1983 contesting events which allegedly occurred during his confinement at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a Defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. A court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the Court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that a fellow inmate, John Smith, "attacked" him by throwing urine in his face. (Compl., p. 5.) Plaintiff contends that Cornell Corporations, Inc.[1], Officer Lawson, and Officer Hart ("Defendants") knew that Smith had threatened him, yet they failed to ensure that he was protected. Plaintiff further contends that because the "attack" was preventable, Defendants showed a deliberate indifference to his health and safety.

---

[1] Plaintiff has named "Cornell Corrections" as a Defendant, however, it is Cornell Corporations, Inc. that is contracted to run D. Ray James Prison.

2

Plaintiff contends that Cornell Corporations, Inc. knew of the risk to him and failed to take reasonable measures to prevent the "attack." Private contractors who run prisons act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Department of Social Serv. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 611 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Plaintiff fails to allege that there was an established policy or custom of Cornell Corporations, Inc. to ignore the rules and regulations set forth by the Georgia Department of Corrections, as such is required by Monell. Plaintiff has failed to state a claim against Cornell Corrections, Inc.

Plaintiff makes the bare assertion that Officers Hart and Lawson violated his Fourteenth Amendment rights. An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Plaintiff's bare assertion, without more, is not sufficient to state a Fourteenth Amendment claim.

The above allegations, when read in a light most favorable to the Plaintiff, fail to state a claim for relief under 42 U.S.C. § 1983 against Cornell Corporations, Inc. Therefore, it is my **RECOMMENDATION** that Plaintiff's claims against Cornell

3

Corporations, Inc. and the Fourteenth Amendment claim against Officers Lawson and Hart, be **DISMISSED**.

Plaintiff's cognizable claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 29th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

PAYNE

)

vs

)   CASE NUMBER   CV505-38

CORNELL COPORATION, ET AL

)   DIVISION   WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/29/05 _____, which is part of the official record of this case.

Date of Mailing:   7/29/05

Date of Certificate   [X] same date,   or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

Name and Address

James Payne, 70459, Idaho Correctional Center, P.O. Box 70010, Boise, ID 83707
John Batson

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate